O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#14/20/23
#29 rendered moot

CIVIL MINUTES - GENERAL

| Case No. | CV10-4573 PSG (PJWx) | Date | November 9, 2010 |
|---|---|---|---|
| Title | Raymond Galusha *et al.* v. Margaret V. Dowling *et al.* | | |

Present:   The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):    Attorneys Present for Defendant(s):

Not Present                            Not Present

**Proceedings:**   (In Chambers) Order Granting Defendant's Motion to Dismiss Plaintiffs' Complaint without Leave to Amend

Pending before the Court is Defendants' Motions to Dismiss Plaintiffs' Complaint. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court GRANTS Defendants' motions.

I.   Background

This is the fourth action filed by *pro se* plaintiffs Raymond Galusha and Dr. Anne S. Waters ("Plaintiffs") in connection with a loan dispute currently pending before a New Mexico state court (the "New Mexico Litigation"). *Romero Decl.* at ¶¶ 5-8. The New Mexico Litigation involved a dispute between Plaintiff Waters and her now-deceased domestic partner Brenda McDuffie, the client of current Defendant Margaret Romero, over a house owned by Waters and McDuffie in New Mexico. *Romero Mot.* 1:8-12. It also involved a claim against New Mexico resident Margaret V. Dowling based on a "decade old $20,000 loan Ms. Dowling gave to [Plaintiff] Waters in New Mexico to help save the Albuquerque home Ms. Waters lived in from foreclosure." *Dowling and Weems Mot.* 1:10-11. Though it is unclear which claims Plaintiffs alleged against which defendants, it appears that Ms. Romero, Ms. Dowling, and Ms Dowling's counsel, Dathan Weems, were all named as defendants in the New Mexico Litigation. On April 29, 2010, Ms. Romero was dismissed with prejudice from that action, and, on June 16, 2010, the remaining parties agreed to dismiss the action without prejudice. *Huling Decl.* ¶¶ 2-3.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#14/20/23**
**#29 rendered moot**

**CIVIL MINUTES - GENERAL**

| Case No. | CV10-4573 PSG (PJWx) | Date | November 9, 2010 |
|---|---|---|---|
| Title | Raymond Galusha *et al*. v. Margaret V. Dowling *et al.* | | |

On June 25, 2009, Plaintiffs filed this action against defendants in the New Mexico Litigation, Margaret V. Dowling, Dathan Weems, Margaret Y. Romero, and Honorable Valerie Mackie Huling, the New Mexico state court judge who presided over the New Mexico Litigation (collectively, "Defendants"). *FAC* ¶ 7; *Huling Decl.* ¶ 2   Plaintiffs' amended complaint appears to allege (1) "violation of Plaintiffs' substantive and procedural due process rights in violation of 42 U.S.C. §1983"; (2) "breach of contract and/or unjust enrichment"; (3) "conspiracy to deceive by fraud in real estate"; and (4) malpractice. *FAC* ¶¶ 7-11. These causes of action are either identical to claims asserted in the New Mexico Litigation or arise from its proceedings. *FAC* ¶ 7; *Weems Decl.* ¶ 9.

Each of the Defendants named in this action resides in New Mexico. *See Romero Decl.* ¶¶ 1-4; *Dowling Decl.* ¶ 9; *Weems Decl.* ¶ 11; *Huling Decl.* ¶ 9. Thus, Defendants filed motions to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).[1]

II.     Legal Standard

Federal Rule of Civil Procedure 12(b)(2) provides that a court may dismiss a motion for "lack of jurisdiction over the person." Fed. R. Civ. P. 12(b)(2). If personal jurisdiction is challenged, the plaintiff bears the burden of establishing the district court's personal jurisdiction over the defendant. *Doe I v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). However, without an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction in order to avoid the motion to dismiss. *See id.*; *see also Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). In this context, a "prima facie" showing means that the plaintiff has produced admissible evidence which, if believed, would be sufficient to establish the existence of personal jurisdiction. *See Doe I*, 248 F.3d at 922.

   A.     Traditional Bases for Jurisdiction

---

[1] The Court notes that three separate motions to dismiss were filed in this action. *See* Dkt. #14 (Aug. 24, 2010) (Defendants Dowling and Weems' Motion to Dismiss); Dkt.# 20 (Aug.31, 2010) (Defendant Judge Huling's Motion to Dismiss); Dkt. #23 (Sept. 2, 2010) (Defendant Romero's Motion to Dismiss). For purposes of administrative efficiency, the Court will address all three motions.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#14/20/23**
**#29 rendered moot**

**CIVIL MINUTES - GENERAL**

| Case No. | CV10-4573 PSG (PJWx) | Date | November 9, 2010 |
|---|---|---|---|
| Title | Raymond Galusha *et al*. v. Margaret V. Dowling *et al.* | | |

As the starting point in personal jurisdiction analysis, the Court must consider whether the exercise of personal jurisdiction is proper under the "long arm" statute in effect in California. *See Aanestad v. Beech Aircraft Corp.,* 521 F.2d 1298, 1300 (9th Cir. 1974). The California Code of Civil Procedure Section 410.10 grants "[a] court of this state . . . jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." In effect, this statute permits state and federal courts to exercise personal jurisdiction on any basis consistent with the limits of federal due process under the United States Constitution. *See Rocke v. Canadian Auto. Sport Club*, 660 F.2d 395, 398 (9th Cir. 1981). The United States Supreme Court has held that due process is satisfied where: (i) the party is served within the state, *see Burnham v. Superior Court*, 495 U.S. 604, 610-11,110 S. Ct. 2105, 109 L.Ed.2d 631 (1990); (ii) the party is domiciled in the state, *see Milliken v. Meyer,* 311 U.S. 457, 463, 61 S. Ct. 339, 85 L. Ed. 278 (1940) or (iii) where the party consents to jurisdiction by appearance or express consent, *see National Equip. Rental v. Szukhent,* 375 U.S. 311, 316, 84 S. Ct. 411, 11 L.Ed.2d 354 (1964).

      B.    Constitutional Due Process Considerations

Absent one of the traditional bases for jurisdiction, the Constitution requires that a defendant have "certain minimum contacts with [the forum state] such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945). "Unless a defendant's contacts with a forum are so substantial, continuous, and systematic that the defendant can be deemed to be "present" in that forum for all purposes, *see Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 445, 72 S. Ct. 413, 96 L. Ed. 485 (1952), a court may exercise only "specific" personal jurisdiction -- that is, jurisdiction based on the relationship between the defendant's forum contacts and the plaintiff's claim." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006). Under the law of this Circuit, the Court must consider three factors in evaluating whether a defendant is subject to specific personal jurisdiction: (1) the defendant must have done some act which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must arise out of the defendant's forum-related activities; and (3) the exercise of jurisdiction must be reasonable. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).

III.    Discussion

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#14/20/23**
**#29 rendered moot**

**CIVIL MINUTES - GENERAL**

| Case No. | CV10-4573 PSG (PJWx) | Date | November 9, 2010 |
|---|---|---|---|
| Title | Raymond Galusha *et al.* v. Margaret V. Dowling *et al.* | | |

    As Defendants have moved to dismiss Plaintiffs' complaint for lack of personal jurisdiction, Plaintiffs now bear the burden of demonstrating that jurisdiction exists over each Defendant. *Schwarzenegger*, 374 F.3d at 800. It bears mention at the outset that none of the traditional bases for jurisdiction exist here. Defendants were served in the state of New Mexico, *see Dowling and Weems Mot.* 4:17; Plaintiffs admit that all Defendants reside in New Mexico, *see FAC* ¶ 7; and no Defendant consents to jurisdiction in this Court. *See* Dkt. #14 (Aug. 24, 2010) (Defendants Dowling and Weems' Motion to Dismiss); Dkt. #20 (Aug.31, 2010) (Defendant Judge Huling's Motion to Dismiss); Dkt. #23 (Sept. 2, 2010) (Defendant Romero's Motion to Dismiss). Accordingly, Plaintiffs' jurisdictional argument is based solely on the existence of sufficient "minimum contacts," and the Court will confine itself to that analysis.

    For reasons detailed below, the Court finds that Plaintiffs fail to meet their burden of proof in establishing that the Court has personal jurisdiction over any Defendant named in this action. Each Defendant will be discussed individually in turn.

    A.    <u>Defendant Dowling</u>

        1.    <u>General Personal Jurisdiction over Defendant Dowling</u>

    Plaintiffs allege that because Defendant Dowling "does business in California," she has therefore availed herself of the forum such that defending a lawsuit in California is reasonable. *FAC* ¶ 7; *Opp. to Dowling and Weems Mot.* 2:22-3:8. Plaintiffs further assert (without a declaration) that Dowling pays taxes in California as a result of a mortgage issued by a California company on the New Mexico property, and that she "owns and manages substantial real estate holdings in several different states, including California." *Opp. to Dowling and Weems Mot.* 2:22-3:8. Defendant Dowling, however, denies conducting any business in California, holding any property interests in California, advertising in California, paying taxes in California, or visiting California at any time other than a personal vacation taken in 2008. *Dowling Decl.* ¶¶ 3-8.

    Plaintiffs' allegations, even if true, fail to establish the "substantial," "continuous and systematic" activities in California requisite to a finding of general personal jurisdiction over Ms. Dowling. *See Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 445, 72 S. Ct. 413, 96 L. Ed. 485 (1952). One mortgage contract involving a lender who itself has ties to California is clearly not substantial enough to approximate Defendant Dowling's physical presence in California – particularly when the mortgaged property is located in New Mexico, and the lender

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#14/20/23**
**#29 rendered moot**

**CIVIL MINUTES - GENERAL**

| Case No. | CV10-4573 PSG (PJWx) | Date | November 9, 2010 |
|---|---|---|---|
| Title | Raymond Galusha *et al*. v. Margaret V. Dowling *et al.* | | |

with ties to the forum is not a party to the action. *FAC* ¶ 8; *see Bancroft & Masters, Inc. v. Augusta Nat'l Inc*., 223 F.3d 1082, 1086 (9th Cir. 2000) (contacts must approximate physical presence in the forum). Therefore, no general personal jurisdiction exists over Defendant Dowling.

2. Specific Personal Jurisdiction over Defendant Dowling

Plaintiffs also allege that Defendant Dowling's mortgage contract with New Century Mortgage Corporation confers specific jurisdiction. To succeed on this claim, Plaintiffs must show that (1) Ms. Dowling purposefully directed her activities or consummated some transaction with California or residents thereof; or performed some act by which she purposefully availed herself of the privilege of conducting activities in California; (2) that the claim arises out of Ms. Dowling's activities in California; and (3) that the exercise of jurisdiction is reasonable. *See Schwarzenegger*, 374 F.3d at 802. Generally, "purposeful availment" analysis of the second element is used in cases involving contracts, while "purposeful direction" analysis applies to cases involving torts. *See id*. Because Plaintiffs asserts both contract and tort claims against Dowling, the Court will evaluate Plaintiffs' claims under both tests.

a. Purposeful Availment/Direction

"Purposeful availment, which satisfies the first part of the Ninth Circuit test, requires that the defendant '[has] performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state.'" *Doe v. Unocal Corp*., 248 F.3d 915, 924 (9th Cir. 2001) (quoting *Sher v. Johnson*, 911 F.2d 1357, 1362 (9th Cir. 1990)). A showing of purposeful availment typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there, which thereby invoke the benefits and protections of the forum's laws. *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958); *see also World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980) (finding no personal jurisdiction in Oklahoma where defendants "avail[ed] themselves of none of the privileges and benefits of Oklahoma law.").

Here, Plaintiffs allege that Dowling contracted for a mortgage with a California company, and thus took advantage of California's legal protections. *Opp. to Dowling and Weems Mot*. at 8:11-14. However, even assuming that Dowling did, in fact, obtain a mortgage on the New Mexico Property from a lender in California, the existence of such a contract is not enough to

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#14/20/23**
**#29 rendered moot**

**CIVIL MINUTES - GENERAL**

| Case No. | CV10-4573 PSG (PJWx) | Date | November 9, 2010 |
|---|---|---|---|
| Title | Raymond Galusha *et al*. v. Margaret V. Dowling *et al.* | | |

demonstrate purposeful availment.[2] *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 478, 105 S. Ct. 2174, 2184, 85 L. Ed. 2d 528 (1985) (one contract alone does not establish that a defendant has purposefully availed himself of privileges in the forum state).

Plaintiffs' most plausible argument is that because New Century Mortgage Corporation ("New Century") has an address listed in Irvine, California, and Ms. Dowling entered into a mortgage contract with New Century, Ms. Dowling therefore has sufficient ties to California. *FAC*, Exhibit S. However, Plaintiffs fail to allege that any mortgage negotiations took place in California, or any other facts suggesting that Ms. Dowling – as opposed to New Century – has availed herself of the forum state. Moreover, if, as the Ninth Circuit has explained, "an individual's contract with an out-of-state party alone cannot automatically establish sufficient minimum contacts' to support personal jurisdiction," *Unocal Corp.*, 248 F.3d at 924 (internal citations omitted), *a fortiori,* an individual's contract with an out-of-state entity *non-party* also inadequate. *Cf. Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 560 (9th Cir. 1995) (noting that a defendant will not be haled into court through "random, fortuitous, or attenuated contacts").

Alternatively, Plaintiffs argue that specific jurisdiction exists because the effects of Dowling's allegedly tortuous conduct against Plaintiffs were felt in California. *Opp. to Dowling and Weems Mot*. at 6:6-16; *see Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) ("In tort cases, we typically inquire whether a defendant 'purposefully direct[s] his activities' at the forum state, applying an "effects" test that focuses on the forum in which the defendant's actions were felt, whether or not the actions themselves occurred within the forum.") (internal citations omitted). Purposeful direction may be established based on effects felt in the forum state where (1) an intentional act was (2) directly aimed at the forum state, and (3) caused harm in that state, and that defendant knows is likely to be suffered in that state. *See Calder v. Jones*, 465 U.S. 783, 789, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984). That there may be foreseeable effects in the forum state alone, however, is not enough to satisfy this test. Instead, the foreign act must be "expressly aimed" at the forum state. *See Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000).

---

[2] Plaintiffs also claim that Dowling "manages substantial real estate holdings," some of which are in California, and that Dowling pays taxes in California. *Opp. to Dowling and Weems Mot*. at 3: 4-6. Dowling disputes this. *Dowling Decl.* ¶¶ 4, 8. The Court declines to take judicial notice of these facts in Plaintiffs' opposition papers. *See Data Disc., Inc. v. Systems Tech. Assoc.*, 557 F.2d 1280, 1284 (9th Cir. 1977) (a court "may not assume the truth of allegations in a pleading contradicted by affidavit.").

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#14/20/23**
**#29 rendered moot**

**CIVIL MINUTES - GENERAL**

| Case No. | CV10-4573 PSG (PJWx) | Date | November 9, 2010 |
|---|---|---|---|
| Title | Raymond Galusha *et al.* v. Margaret V. Dowling *et al.* | | |

Plaintiffs assert that Defendant Dowling: "(1) "[committed] an intentional act of obtaining a California mortgage…(2) [which was] expressly aimed at the California forum state, specifically to New Century Mortgage of California; and (3) that the act caused harm that Defendant Dowling knew was likely to be suffered in the forum state of California." *Opp. to Dowling and Weems Mot.* 7:3-8. This does not, however, justify the exercise of personal jurisdiction over Defendant Dowling. Plaintiffs' allegations in this lawsuit arise out of activities which occurred in New Mexico, not California. The Court is unconvinced that an alleged mortgage involving a non-party mortgage company with an address in California caused harm to Plaintiffs at all, let alone that Defendant Dowling knew upon entering into this alleged mortgage contract that Plaintiffs would suffer harm in California – especially given that Ms. Waters initially moved to California in 2007, *six years after* the mortgage contract was allegedly signed. *See Plaintiffs' Response to 12(b)(2) motions,* 3: 7-9 (Dkt. #10 (Aug. 10, 2010)).

Given that Plaintiffs cannot establish that Defendant Dowling purposefully availed herself of, or purposefully directed her activities towards, the California forum, the Court need not proceed to the remaining inquiries under the Ninth Circuit's specific jurisdiction test. *See Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008) ("if the plaintiff fails at the first step, the jurisdictional inquiry ends and the case must be dismissed"). Plaintiffs have thus failed to demonstrate that either general or specific personal jurisdiction exists over Defendant Dowling. Accordingly, Defendant Dowling's motion to dismiss for lack of personal jurisdiction is GRANTED.

    B.    <u>Defendant Weems</u>

        1.    <u>General Personal Jurisdiction</u>

Plaintiffs allege that Defendant Weems, an attorney who lives and works in New Mexico, conspired to violate Plaintiffs' rights through the New Mexico Litigation. *FAC* ¶¶ 37-38. Mr. Weems is not licensed to practice law in California, does not have an office in California, does not advertise in California, has not visited California since a 2007 vacation, and confines his practice to New Mexico. *Weems Decl.* ¶¶ 3-8. Nevertheless, Plaintiffs allege that this Court has personal jurisdiction over Defendant Weems because he sent emails to, and had telephone conferences with, Plaintiffs while Plaintiffs were in California. *Opp. to Dowling and Weems Mot.* 2:22-3:8. These actions are not substantial, continuous, or systematic, *see Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1171 (9th Cir. 2000), and thus do not confer general jurisdiction. *See Bancroft*, 223 F.3d at 1086.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#14/20/23**
**#29 rendered moot**

**CIVIL MINUTES - GENERAL**

| Case No. | CV10-4573 PSG (PJWx) | Date | November 9, 2010 |
|---|---|---|---|
| Title | Raymond Galusha *et al*. v. Margaret V. Dowling *et al.* | | |

      2.      Specific Personal Jurisdiction

      Further, the Court rejects Plaintiffs' contention that the acts above confer specific personal jurisdiction over Defendant Weems. The Court notes that Plaintiffs' conspiracy claim is best classified as a tort claim. Plaintiffs insist that they have asserted a contract claim against both Dowling and Weems. *Opp. to Dowling and Weems Mot*. 6:1-2. However, Plaintiffs do not allege that they have ever entered into a contract with Weems. Therefore, because no breach of contract is possible, the Court will apply the purposeful direction tort analysis.

      Plaintiffs' opposing papers assert that Weems directed legal business toward California for over two years and that he is currently under investigation by the California Attorney General for fraud. *Opp. to Dowling and Weems Mot*. 11:26-28;14:7-8. Even assuming that these allegations are true, Plaintiffs fail to satisfy the Ninth Circuit's standard.[3] To the extent that Defendant Weems had contact with Plaintiffs in California, such contact occurred in connection with Weems' representation of a New Mexico resident (Defendant Dowling) in litigation pending before a New Mexico state court. *Weems Decl*. ¶ 9. That is, if Weems directed any acts towards California, it was because the lawsuit *filed by Plaintiffs* required him to do so. This is insufficient to establish "purposeful availment" of privileges of the forum state and, consequently, insufficient to constitute sufficient minimum contacts for personal jurisdiction over Defendant Weems. *See Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 416-17 (1984) (unilateral activities by a plaintiff are not sufficient to establish purposeful availment); *see also Sher v. Johnson*, 911 F.2d 1357 (9th Cir. 1990) (finding that travel by partner of Florida law firm to California to meet with California client in connection with representation in Florida criminal matter did not, when combined with representation itself, constitute "purposeful availment" of privilege of conducting activities within California such that the California court had specific jurisdiction in a malpractice suit).

      Accordingly, Defendants' motion to dismiss Defendant Weems for lack of personal jurisdiction is GRANTED.

      C.      Defendant Huling

            1.      General Personal Jurisdiction over Defendant Huling

---

[3] Defendant Weems filed an affidavit declaring that, contrary to Plaintiffs' allegations, his business is, and has been, confined to New Mexico. *Weems Decl*. ¶ 5.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#14/20/23**
**#29 rendered moot**

**CIVIL MINUTES - GENERAL**

| Case No. | CV10-4573 PSG (PJWx) | Date | November 9, 2010 |
|---|---|---|---|
| Title | Raymond Galusha *et al*. v. Margaret V. Dowling *et al*. | | |

Plaintiffs claim that the Court has general personal jurisdiction over Judge Huling because of phone calls and summons Judge Huling sent to Plaintiffs in California in conjunction with pending litigation in New Mexico. *FAC* ¶ 68-69; *Opp. to Huling Mot.* 2:11-18. As explained above, such correspondence in the context of pending litigation initiated by Plaintiffs cannot form the basis of general jurisdiction. See *Bancroft*, 223 F.3d at 1086; *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006) (*en banc*) (absent substantial, systematic and continuous contacts, the court may only exercise specific jurisdiction).

       2.       Specific Personal Jurisdiction over Defendant Huling

Plaintiffs further allege that these contacts, specifically Judge Huling's summons of Plaintiff Galusha to appear in New Mexico Court *to prosecute his own lawsuit*, constitute contacts with California sufficient to invoke specific jurisdiction. *FAC* ¶ 69; *Opp. to Huling Mot.* at 4:7-18. Because Plaintiffs' claim that Judge Huling has violated their due process rights pursuant to § 1983 more closely resembles a tort claim than a contract claim, *see Zeigler v. Indian River County*, 64 F.3d 470, 473 (9th Cir. 1995) (holding that a § 1983 is "more akin to a tort claim than a contract claim"), the "effects test" is appropriate to determine whether Defendant Huling has purposefully directed her activities at the forum state such that personal jurisdiction is proper. Again, Plaintiffs fail the second prong of that test. Judge Huling has not directly aimed any act toward Plaintiffs in California that was not in connection with the New Mexico Litigation currently pending in her court. *Huling Decl.* ¶ 6. Those contacts were not purposefully directed to injure Plaintiffs in California, but simply attempts to effectuate New Mexico law. Therefore, as Plaintiffs have not met their burden of establishing either general or specific personal jurisdiction over Judge Huling, the Court GRANTS her motion to dismiss.[4]

       D.       Defendant Romero

As Defendant Romero's moving papers declare, "Ms. Romero represented a New Mexico resident in a dispute in a New Mexico court over New Mexico property." *Romero Mot.* 4:3-4. Plaintiffs, however, assert that this Court has personal jurisdiction over Defendant Romero because she "entered into a California forum with purposeful direction to conduct business" by

---

[4] The Court need not reach issues of subject matter jurisdiction and judicial immunity raised in Judge Huling's motion, given that the Court concludes that Plaintiffs fail to establish personal jurisdiction over Judge Huling.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#14/20/23**
**#29 rendered moot**

**CIVIL MINUTES - GENERAL**

| Case No. | CV10-4573 PSG (PJWx) | Date | November 9, 2010 |
|---|---|---|---|
| Title | Raymond Galusha *et al*. v. Margaret V. Dowling *et al.* | | |

"litigating upon [Defendant Dowling's] mortgage originating in California." *Opp. to Romero Mot.* 2:10-18. According to Plaintiffs, Defendant Romero, a "sophisticated newly graduated New Mexico attorney who is also a real estate broker," *id.* 4:9-10, purposefully availed herself of the privileges and benefits of conducting activities in California by sending Plaintiff Galusha a summons with complaint, motions, and other legal documents to his home in California. *Opp. to Romero Mot.* 6:15-27.

Plaintiffs fail to persuade the Court that personal jurisdiction over Defendant Romero is proper. Given Plaintiffs' failure to show that Defendant Romero is engaged in "continuous and systematic" contacts in California (apart from any contacts induced by the present litigation), the Court finds that no general personal jurisdiction exists. Moreover, as previously stated, Defendant Romero's contacts with Plaintiffs in California in connection with the New Mexico Litigation are also insufficient to establish specific personal jurisdiction.

Therefore, the Court GRANTS Defendant Romero's motion to dismiss for lack of personal jurisdiction.

IV.     Conclusion

For the foregoing reasons, Defendants' motions to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) are hereby **GRANTED** without leave to amend.

IT IS SO ORDERED.